# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JOHN T. HESSERT,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BOZEMAN,<br><br>Defendant. | **CV 21-45-BU-BMM**<br><br><br><br>**ORDER** |

Plaintiff John T. Hessert ("Hessert") filed a Complaint on May 19, 2021, against Defendant City of Bozeman under 42 U.S.C. § 1983. Doc. 1. Hessert is a resident of Butte, Montana, and is proceeding pro se. *Id*. at 1. On June 30, 2021, Defendant City of Bozeman filed a Motion asking the Court to enter an order governing Hessert's communications with various entities and individuals associated with this case. Doc. 12. Defendant City of Bozeman cites numerous emails in which Hessert threatens and berates employees and agents of Defendant City of Bozeman. Doc. 14.

Defendant City of Bozeman requested that the Court limit Hessert's communications to one email per day to Defendant City of Bozeman's counsel, Elizabeth Lund at Berg Lilly, PC. *Id*. at 14. Defendant City of Bozeman also requested that the Court forbid Hessert from making phone calls to either counsel or

1

individuals associated with Defendant City of Bozeman. *Id.* Based on the sampling of communications provided by Defendant City of Bozeman, the Court granted the Motion. Doc. 29. Hessert filed an Interlocutory Appeal with the Ninth Circuit Court of Appeals. Doc. 39. Hessert filed a Motion for Leave to Proceed in forma pauperis. Doc. 38.

Hessert filed several other motions. Hessert filed a Motion to Plead Permission (Doc. 33) in which Hessert asks the Court to allow him to "file small claims suit or continue filing suit against [Montana Municipal Interlocutory Authority]." Doc. 33 at 1. The Montana Municipal Interlocutory Authority ("MMIA") serves as Defendant City of Bozeman's insurer in the present case. Doc. 12 at 1. Hessert apparently seeks a case file that MMIA conducted related to the police stop at issue in this case. Doc. 33 at 2.

Hessert filed a Motion for In Person Hearing (Doc. 34) in which Hessert asks the Court to conduct an in-person hearing regarding the Court's Order (Doc. 29). Hessert asserts that the Court correctly limited communications to one email per day between Hessert and defense counsel, but argues that the Court's Order (Doc. 29) should not apply to MMIA because MMIA is not a defendant in this case. *Id.* at 3.

Hessert filed a Motion for Clarification (Doc. 36) in which Hessert seeks clarification regarding the Court's Order (Doc. 29). The Court had previously issued a scheduling order. Doc. 26. The Court ordered the parties to meet and confer before

2

August 23, 2021, to work out a discovery plan. *Id.* at 2. Hessert asks whether the Court's Order (Doc. 29) governs the meet and confer. Doc. 36 at 2.

Hessert filed a plethora of other miscellaneous documents, including Affidavit (Doc. 27), Affidavit (Doc. 28), Affidavit (Doc. 30), Statement (Doc. 31), Supplement (Doc. 32), and Communication Supplement (Doc. 35). Defendant City of Bozeman filed a Motion to Strike these documents from the record. Doc. 40.

Hessert responded by filing his own Motion to Strike Defendant City of Bozeman's Motion to Strike. Doc. 42. Hessert filed a Motion to Stay Case. Doc. 43. Hessert filed a Motion for Sanctions. Doc. 44.

**(1) Hessert's Motion to Plead Permission (Doc. 33).**

Hessert filed a Motion to Plead Permission (Doc. 33) in which he asks the Court to permit him to file, or to consider filing, a small claims suit against Montana Municipal Interlocutory Association. Doc. 33 at 1. Hessert seeks to obtain the case file that MMIA had compiled on his "notice of claim" that he had filed with Defendant City of Bozeman. Hessert's Motion to Plead Permission (Doc. 33) is denied. MMIA insures Defendant City of Bozeman in this litigation. Hessert likely can obtain the case file he seeks through standard discovery practice. Hessert can conduct that discovery while complying with the Court's Order (Doc. 29).

(**2**) **Hessert's Motion for In Person Hearing (Doc. 34).**

Hessert filed a Motion for In-Person Hearing (Doc. 34) in which Hessert asks the Court to conduct an in-person hearing allowing Hessert to argue that the Court's Order (Doc. 29) does not apply to communications with MMIA. Hessert's Motion for In Person Hearing (Doc. 34) is denied. MMIA insures Defendant City of Bozeman in this litigation. The Court considers MMIA an entity related to this litigation and, therefore, covered under the Court's Order (Doc. 29). Hessert shall not communicate with MMIA.

**(3) Hessert's Motion for Clarification (Doc 36).**

Hessert filed a Motion for Clarification (Doc. 36) in which Hessert asks the Court to clarify whether the Court's Order (Doc. 29) applies to the conference the Court scheduled for the parties to meet and confer regarding discovery matters. Doc. 26. The Court suspects that a meet and confer would be of little use to the parties in this case. As such, the meet and confer scheduled for August 23, 2021 is vacated. All remaining scheduling deadlines in the Court's Scheduling Order (Doc. 26) remain in effect. The parties shall conduct discovery without a meet and confer, and in compliance with the Court's Order (Doc. 29).

**(4) Hessert's Motion for Leave to Proceed in forma pauperis (Doc. 38).**

Hessert filed an interlocutory appeal with the Ninth Circuit Court of Appeals. Doc. 37. Hessert contests the Court's Order (Doc. 29). Hessert subsequently filed

a Motion for Leave to Proceed in forma pauperis (Doc. 38). Hessert's Motion for Leave to Proceed in forma pauperis (Doc. 38) is denied as moot. As an initial matter, Hessert's appeal of a non-dispositive, discovery-related pre-trial order likely proves untimely and futile. Nevertheless, the Court already granted Hessert leave to proceed in forma pauperis. Doc. 4. The Court need not repeat the process.

**(5) Defendant City of Bozeman's Motion to Strike (Doc. 42).**

Defendant City of Bozeman filed a Motion to Strike (Doc. 40) in which Defendant City of Bozeman asks the Court to strike various documents that Hessert has filed with the Court. Hessert filed with the Court a plethora of miscellaneous documents, including Affidavit (Doc. 27), Affidavit (Doc. 28), Affidavit (Doc. 30), Statement (Doc. 31), Supplement (Doc. 32), and Communication Supplement (Doc. 35). Defendant City of Bozeman argues that Hessert has failed to follow the Federal Rules of Civil Procedure and the Court's Local Rules. Doc. 41. Defendant City of Bozeman specifically note that Hessert's filings do not request the Court to take any action, and they are not accompanied by any briefing or determination of the other parties' opposition. *Id*.

Defendant City of Bozeman's Motion to Strike (Doc. 40) is denied. The documents Hessert filed remain part of the record. The Court warns Hessert, however, that continued frivolous filings and violations of the local rules can warrant dismissal of this case. Hessert shall not file documents with the Court unless those

documents are connected to a motion through which Hessert seeks action from the Court. Moreover, any motion Hessert files shall include a brief in support of his motion, and Hessert shall, in compliance with the Court's Order (Doc. 29), determine whether the opposing party opposes such a motion. *See* Local Rule 7.1.

**(6) Hessert's Motion to Strike (Doc. 42).**

Hessert filed a Motion to Strike (Doc. 42) in which Hessert asks the Court to strike Defendant City of Bozeman's Motion to Strike (Doc. 40). The Court denied Defendant City of Bozeman's Motion to Strike (Doc. 40). Hessert's Motion to Strike (Doc. 42) is denied as moot.

**(7) Hessert's Motion to Stay Case (Doc. 43).**

Hessert filed a Motion to Stay Case (Doc. 43) in which Hessert asks the Court to stay the case pending Hessert's appeal of the Court's Order (Doc. 29) to the Ninth Circuit Court of Appeals. Hessert appeals the Court's limitation on the parties' pre-trial communications in this case. The Court's order constitutes a non-dispositive, pretrial discovery order in which the Court retains vast discretion. Hessert's appeal does not appear likely to prevail. Hessert's Motion to Stay Case (Doc. 43) is denied.

**(8) Hessert's Motion for Sanctions (Doc. 44).**

Hessert filed a Motion for Sanctions (Doc. 44) in which he asks the Court to impose sanctions on Defendant City of Bozeman's counsel. In short, Hessert alleges that counsel has not acted reasonably under the circumstances of this case. Doc. 44

at 2. Hessert's Motion for Sanctions (Doc. 44) is denied. Hessert fails to identify sufficient cause for the Court to impose sanctions.

**IT IS HEREBY ORDERED THAT**:

(1). Hessert's Motion to Plead Permission (Doc. 33) is **DENIED**.

(2). Hessert's Motion for In Person Hearing (Doc. 34) is **DENIED**.

(3) Hessert's Motion for Clarification (Doc. 36) is **DENIED**.

(4) Hessert's Motion for Leave to Proceed in forma pauperis (Doc. 38) is **DENIED**.

(5) Defendant City of Bozeman's Motion to Strike (Doc. 40) is **DENIED**.

(6) Hessert's Motion to Strike (Doc. 42) is **DENIED**.

(7) Hessert's Motion to Stay Case (Doc. 43) is **DENIED**.

(8) Hessert's Motion for Sanctions (Doc. 44) is **DENIED**.

Dated the 13th day of August, 2021.

*/s/ Brian Morris*

Brian Morris, Chief District Judge
United States District Court